Fremont-Smith, J.
The only remaining issue against the defendant Worcester Diocese is whether it was negligent in its hiring or supervision of the defendant, Father Kelley (“Kelley”), who is alleged to have molested the plaintiff over twenty years ago when she was four or five years old.
To date, the only shred of evidence that the Diocese had notice of Kelley’s pedophiliac proclivities before the time of the incidents in question, is the fact that a 1963 “Confidential Investigation” of Kelley contained a “Yes” answer to question No. 12, which inquired: “Has he conducted himself with persons of the other sex in such a way as to cause scandal, criticism or suspicion?.”
While it is doubtful that the questionnaire’s answer to this question alone would be sufficient to permit a jury to reasonably infer that the Diocese had notice of Kelley’s proclivities in regard to possible molestation of a young female child prior to the incidents alleged in this case, and while this Court would be inclined to allow the defendant’s motion for summary judgment if this is the only evidence bearing on notice to the Diocese of Kelley’s misconduct,[1] the Court will defer ruling, in view of the wrongful withholding of this (and other Confidential Investigation documents) by the Diocese, in the face of an express document request and an order of this Court (Toomey, J.) which required production.[2]
Plaintiffs counsel contends because these documents came to light only recently, when plaintiffs counsel learned about them as a result of another case against Kelley by another plaintiff, and at a time when plaintiffs counsel had already completed a number of depositions in this case, that he was deprived of the chance to interrogate those witnesses, at their depositions, concerning those documents.
While defendant takes the position that the nonproduction of these documents was simply due to the “inadvertence” of its counsel, the Court finds that the nonproduction of these documents (which were, it is not denied, in Kelley’s personnel file) constituted serious and culpable noncompliance with the Massachusetts Rules of Civil Procedure and with this Court’s express order where, as here, the production of the 1963 Report could lead to the discovery of other *557 evidence concerning the Diocese’s knowledge about Kelley’s sexual activities. While it is true that plaintiff has many obstacles to overcome in order to prevail in this case (including, in addition to proof that the Diocese had notice of Kelley’s alleged activities, the immunity and statute of limitation defenses, and the difficulty of proving the veracity and accuracy of her memory of events at a time when she was only four or five years old) she should certainly not be deprived of a fair opportunity to do so by the wrongful nondisclosure of relevant documents.
ORDER
Accordingly, this Court ORDERS that the hearing on the Diocese’s motion for summary judgment be continued for six months until January 8, 1999 at 2:00 p.m. In the meantime, plaintiff may depose (or redepose) any witnesses her counsel wishes with respect to the 1963 “confidential report” and any other documents which the Diocese has failed to timely produce. The Diocese is further ordered to undertake a thorough further search of its files pertaining to Kelley, and to produce any and all documents not previously produced relating to any alleged sexual conduct or activities of Kelley which predate the latest incident of misconduct alleged by plaintiff in this case. The Diocese is further ordered to pay all reasonable costs of depositions and related expenses, including plaintiffs reasonable attorney fees, resulting from such additional or resumed depositions, promptly upon submission of each invoice by plaintiffs counsel to defendant’s counsel, which may reflect the reasonable expenses incurred by plaintiffs attorney in regard to any such deposition.

 It was undisputed at the hearing that, while Kelley has admitted that he molested others, he has denied that he molested plaintiff. It is further agreed that plaintiff did not complain to anyone at the time or until recently about these alleged events.

 The Court (Toomey, J.) ordered production of ‘The priest personnel file for the [defendant].” Plaintiffs counsel recently learned that it had been established in another case that such “Confidential Investigation” reports existed as to Kelley, one of which contained the question and answer quoted above (p. 1).